## Commonwealth, Appellant, *v.* Wongus.

Submitted March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Michael L. Levy* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 22, 1971:

Ronald Wongus was charged with burglary, larceny and receiving stolen goods. These charges arose out of an incident which took place in Philadelphia in March, 1971, when a man went into a ladies' dress store, grabbed an armful of ladies' housecoats and ran off. A police officer, who was having his meal in a nearby restaurant, heard of the robbery and immediately began efforts to find the thief. The officer returned to the store within five minutes with the defendant and a shopping bag full of housecoats, definitely identified as those stolen from the store.

At trial, the policeman related that he had gone in the direction in which he was told the thief had fled. A few blocks away, he saw Wongus stuffing the housecoats in question into a paper bag which the defendant had obtained in a nearby yard. The officer testified

further that he surprised the defendant just as Wongus was walking away down the block putting his own black jacket over the dresses in the bag. The only one who had witnessed the theft, a bookkeeper in the store, could only say that the thief wore a black jacket.

Wongus testified in his own defense at trial. He claimed that he had just walked out of his aunt's house on 1725 W. Oxford Street when the policeman jumped out of some hiding place, hit him a few times, and then drew a gun on him. Wongus said he then picked up the bag of dresses. The defense then sought to have the defendant's aunt testify that he had been at her home at the time the offense took place.

The assistant district attorney objected to the testimony of defendant's aunt, pointing out that this lady was to offer an alibi, and that no notice of alibi defense had been filed by plaintiff, as required by Rule 312, the Pennsylvania Rules of Criminal Procedure. The learned trial judge sustained this objection and the aunt was not allowed to testify.

The defendant was found guilty of only the third charge, receiving stolen goods, and was sentenced to 11½ to 23 months in prison. Later, after post-trial motions, he was sentenced to six to twenty-three months. The instant appeal followed.

Ronald Wongus complains that the alibi testimony of his aunt should have been admitted at trial. He claims that his trial counsel was ineffective for not giving the proper notice of alibi defense, and that the judge abused his discretion since the "interests of justice" required the admission of this testimony.[1]

We must reject these arguments as being without merit. The alibi is ". . . a defense that places the defend-

---

[1] Rule 312(b) provides in part: "Unless the interests of justice require it, on a defense of alibi, a defendant may not call any witness not named in such notice, . . ."

ant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Whitling*, 409 Pa. 492, 498, 187 A. 2d 563, 566 (1963). The evidence presented in support of an alibi must ". . . preclude the possibility of the defendant's presence at the time and place of the crime." *Commonwealth v. Lomax*, 196 Pa. Superior Ct. 5, 12, 173 A. 2d 710, 714 (1961).

In the instant case, the defendant's aunt was to have testified that he was in her house at the time the dresses were taken from the store. This may have been material to a defense of the burglary and larceny charges, but defendant was found innocent on those charges by the court. The aunt's testimony would not have been relevant to a rebuttal of the evidence that defendant was confronted by police *after* the theft *outside* the home in possession of the recently stolen dresses, defendant having admitted he encountered the policeman outside his aunt's home. Thus, the exclusion of the aunt's testimony, even if error, was harmless under the circumstances.

The defendant also claims that the evidence relating to the charge of receiving stolen goods was insufficient to support a conviction. The defendant testified that he was innocently walking down the street when a police officer jumped from a hiding place and ambushed him. He then stated that he picked up a bag from the street which contained the dresses. Defendant did this, he said, after the officer drew his gun on him.

The officer's testimony, on the other hand, was essentially that he was looking for an unknown person in a black coat when he found the defendant, only a few blocks from the situs of the crime, furtively stuffing new dresses in an old paper bag and covering them with his black coat. Wongus corroborated having had a black coat when arrested.

The resolution of this conflicting testimony was a matter within the discretion of the trial judge sitting as jury. *Commonwealth v. Lytes,* 209 Pa. Superior Ct. 436, 228 A. 2d 922 (1967). The court found the officer's testimony more worthy of belief and we find no reason to disturb that determination. That testimony was more than sufficient to support defendant's conviction on the charge of receiving stolen goods.[2]

Judgment of conviction and sentence affirmed.

---

[2] Considering all of the facts presented, including defendant's actions of crumpling several new dresses, stuffing them into a shopping bag from which he had just emptied trash, and then covering them with his own jacket, we believe there was sufficient evidence to support a factual conclusion by the trial judge, sitting without a jury, that Wongus knew the dresses were stolen. Therefore, we see no reason to discuss appellant's argument based on the presumption issue recently discussed by the Supreme Court in *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970).