Commonwealth *v.* Warrington, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David Rudovsky, David Kairys,* and *Kairys & Rudovsky,* for appellant.

*William C. Turnoff, Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 23, 1974:

Appellant was tried on indictments charging assault and battery with intent to murder, aggravated assault and battery, assault and battery, carrying a firearm without a license, carrying firearms on public streets or public property, and playfully and wantonly pointing a firearm. At the time of his arrest, in the initial client interview by the public defender, appellant named six persons as possible alibi witnesses. However, later forms listed only five alibi witnesses. These five were interviewed but only two could give any testimony beneficial to appellant.

Appellant was tried in a non-jury trial and was convicted of all charges. Sentence was deferred pending a pre-sentence investigation and the filing of post-trial motions. Motions for a new trial or in arrest of judgment were denied, and appellant was sentenced to two to five years imprisonment on the indictment charging assault with intent to kill, sentence being suspended on the other convictions.

Appellant appealed directly to this court and we granted a Petition for Remission of the Record for the holding of an evidentiary hearing on the issue of defense counsel's failure to call Margaret Johnson as a witness at trial. On December 12, 1973, an evidentiary hearing was held, and on January 5, 1974, relief was denied. This appeal comes from that order.

The facts as found by the lower court are: on December 10, 1971, at approximately 3:50 p.m., Gary Pinkett, a youth worker with the Northwest Mental Health Center in Philadelphia, was shot in the back and left calf. Pinkett testified that appellant definitely did the shooting. He also testified that he had seen appellant before the shooting and knew him by a nickname.

Appellant offered two alibi witnesses at trial who testified appellant was with them at the time of the shooting. Appellant also took the stand in his own defense. The lower court considered all testimony and resolved the issue of credibility in favor of the Commonwealth. The Commonwealth's witness remained steadfast throughout while the testimony of appellant and the other defense witnesses was not so firm. As the record supports the lower court's decision, that decision will not be disturbed on appeal. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A. 2d 114 (1972).

Appellant now alleges he was denied effective assistance of counsel due to the failure of his court appointed attorney to interview, investigate, or subpoena for trial an alleged critical alibi witness, Margaret Johnson. The court in *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A. 2d 563, 566 (1963), defined alibi as "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." See also *Commonwealth v. Wongus,* 219 Pa. Superior Ct. 149,

280 A. 2d 666 (1971). Applying this definition to the present case, Margaret Johnson could not possibly furnish appellant with an alibi because, as indicated by appellant's own testimony, he did not see or talk to her until approximately 4:10 p.m., and the shooting occurred at 3:50 p.m., twenty minutes earlier. In addition, Mrs. Johnson's house, where appellant saw and talked to her, is only two blocks from the scene of the shooting. The distance is not so great that it would preclude the possibility of appellant committing the shooting and still having time to arrive at the Johnson home by 4:10 p.m.

The well settled standard to be applied when determining effectiveness of counsel was set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). The court there stated: "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." 427 Pa. at 604-605, 235 A. 2d at 352-353. See also *Commonwealth v. Robinson*, 452 Pa. 316, 305 A. 2d 354 (1973).

In the present case, as Mrs. Johnson could not furnish appellant with an alibi, we cannot say that failure to call her was an unreasonable decision as relates to the alibi defense. Her testimony would have been unrelated to appellant's alibi. The lower court concluded that any testimony offered by Mrs. Johnson would have been merely cumulative. The record supports this conclusion and it will not be disturbed.

Appellant's second argument, that the court below applied an erroneous standard in denying appellant a new trial, is based on the incorrect assumption that counsel was ineffective in not calling Mrs. Johnson as an alibi witness. We, therefore, need not be further concerned with appellant's second argument.

The order of the lower court is affirmed.