378 A.2d 382

**COMMONWEALTH of Pennsylvania**

v.

**John VAN WRIGHT, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1976.

Decided Oct. 6, 1977.

452

Charles S. Lieberman, Philadelphia, for appellant.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in refusing to read his requested instruction on the issue of

alibi.[1]  We agree and, therefore, vacate the judgment of sentence and grant appellant a new trial.

On March 12, 1975, Philadelphia police arrested and charged appellant and another man with robbery [2] and criminal conspiracy.[3]  Appellant and his co-defendant were tried before a jury from January 13, 1976, through January 20, 1976.  At trial, the complaining witness testified to the following version of events.  On March 12, 1975, he went to a drug rehabilitation center at 3rd and Arch Streets in Philadelphia to watch a free movie.  He remained at the center from approximately 6:00 p. m. until about 8:00 p. m. While there, he saw appellant and his co-defendant in the lobby before the movie and during an intermission.  When he left the center, he proceeded west on Arch Street.  At 6th Street, appellant and his co-defendant approached him from behind, and suggested that all three men walk together.  The complaining witness agreed.  As the three men walked west along Arch Street, they engaged in light conversation.  When the group reached 11th Street, the co-defendant suggested that they buy a bottle of wine.  The complaining witness bought a bottle of wine at a state liquor store at 12th and Arch Streets.  The three men then pro-

1. Appellant also raises these contentions: (1) the Commonwealth violated Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix, (2) the lower court should have suppressed evidence of an on-the-scene identification because it was the product of an arrest without probable cause, and (3) the victim's in-court identification of appellant should have been held inadmissible as a fruit of the poisonous on-the-scene identification.  However, appellant did not mention these specific contentions in written post-verdict motions or in oral post-verdict motions made on the record at the conclusion of trial.  See Rule 1123(a) and (b), Pa.R.Crim.P.  Instead, he filed boiler-plate challenges to the sufficiency of the evidence.  In *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), the Supreme Court served notice that it would not consider issues not presented in strict compliance with Rule 1123 in future cases.  The trial in the case at bar occurred one year after *Blair* was handed down; therefore, we will not consider these claims.  *Commonwealth v. Wylie*, 463 Pa. 197, 344 A.2d 491 (1975).

2. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3701.

3. The Crimes Code, supra; 18 Pa.C.S. § 903.

ceeded east on Arch Street, entered a parking lot, then exited onto Cuthbert Street, near 11th Street. Here, appellant offered the complaining witness a drink of wine. He accepted and then said he had to leave. Before he could leave, appellant grabbed him and threw him against a wall. Appellant threatened to cut him with a knife if he resisted. The co-defendant removed about $50 and some cigars from the victim's pockets. Appellant and his co-defendant then fled, and the victim ran to the intersection of Filbert and 11th Streets where he notified a police officer he had been robbed.

Two police officers testified for the Commonwealth. While driving north on 13th Street, the officers received a bulletin about the robbery over the police radio at 8:10 p. m. The bulletin reported that two Negro males, one very tall and one very short, both wearing levis and dark jackets and both about twenty years old, had committed the robbery, at knifepoint. The policemen saw appellant and his co-defendant standing outside the Terminal Bar, located one or two stores north of the northeast corner of 13th and Filbert Streets. Appellant and the co-defendant attempted to flee, first by running east on Filbert Street and then, when the police car followed this route, by reversing their direction. The police ultimately apprehended the two suspects at the northeast corner of 13th and Filbert Streets.

The defense called a bartender who worked at the Hedgeman Beef and Ale Bar, located at 1229 Filbert Street, on the night of March 12, 1975. The bartender testified that appellant and his co-defendant entered the bar "around 7:30, something like that." The bartender asserted three times that they stayed "about a half hour, twenty minutes." They left "about five or ten minutes" before they were arrested. According to the bartender the bar is two doors away from the scene of the arrest and two blocks away from the scene of the robbery.[4]

4. The trial court characterized the bartender's testimony as follows: "He testified that the defendants were in his bar from quarter to eight until about twenty after. The testimony of [the bartender] was

In the lower court's chambers, appellant's counsel requested that the lower court give the following instruction to the jury:

"40. The Commonwealth has a burden of proving beyond a reasonable doubt that the crime of robbery and conspiracy was committed, and that the defendant committed or participated in the commission of it. Defendant has offered evidence of an alibi, that is, he offered evidence to prove that he was not present at the place where the crime was committed but was in the Hedgeman Bar. Defendant's evidence in support of his alibi, either alone or together with any other evidence in the case may be sufficient to raise a reasonable doubt of defendant's guilt. If you have a reasonable doubt of defendant's guilt you must, of course, acquit him."

The lower court refused to give this instruction and gave the standard charges to the jury on assessing credibility and on the Commonwealth's burden of proving guilt beyond a reasonable doubt.

On January 20, 1976, the jury found appellant and his co-defendant guilty of robbery and criminal conspiracy. After denying post-verdict motions, the lower court sentenced appellant and his co-defendant to identical terms of seven and one-half-to-twenty years in a state correctional institution on the robbery count and five-to-ten years to run consecutively on the conspiracy charge. This appeal followed.[5]

Appellant contends that the lower court erred in refusing to read his requested instruction on the issue of alibi. In

in direct conflict with [that of the victim and the police officers.] It is clear that the issue is one of credibility. Either [the victim] is being truthful or [the bartender] is. No reasonable man can believe both."

5. Appellant's co-defendant has also appealed from the judgment of sentence imposed upon him on the ground that the trial court erred in refusing to give the requested instruction on the issue of alibi. We reach the same result in that case for the same reasons. See *Commonwealth v. Clark*, 249 Pa.Super. 459, 378 A.2d 386 (1976).

*Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959), the Supreme Court substantially changed the law regarding alibi instructions. Prior to 1959, a defendant who offered evidence of an alibi had the burden of proving his alibi by a preponderance of the evidence. *Commonwealth v. Jordan*, 328 Pa. 439, 196 A. 10 (1938); *Commonwealth v. Stein*, 305 Pa. 567, 158 A. 563 (1932). However, the trial court also had the duty of instructing the jury that: "[T]he evidence in support of an alibi may, with the other facts in the case, raise the reasonable doubt of guilt which entitles a defendant to acquittal." *Commonwealth v. Kettering*, 180 Pa.Super. 247, 252, 119 A.2d 580, 582 (1956). See also *Commonwealth v. New*, 354 Pa. 188, 47 A.2d 450 (1946); *Commonwealth v. Jordan*, supra.

In *Commonwealth v. Bonomo*, the Supreme Court interred the rule that a defendant had to prove an alibi defense by a fair preponderance of the evidence. The "continuing presumption of innocence" and the state's "never-shifting burden to prove guilt beyond a reasonable doubt" precluded the imposition of such a burden upon a defendant. 396 Pa. at 229, 151 A.2d at 445. The Court then explicitly set forth the rule to be followed in Pennsylvania: "The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged. This must be done without unfair disparagement although the trial judge must be left free to comment upon the evidence, as he has done

heretofore, so long as he leaves the jury free to find its own true verdict." [6]

A defendant is not entitled to an instruction under *Commonwealth v. Bonomo*, supra, unless there is some testimony in the record, introduced by either the defense or the Commonwealth, raising the possibility of an alibi defense. "Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Whiting*, 409 Pa. 492, 498, 187 A.2d 563, 566 (1963); *Commonwealth v. Warrington*, 230 Pa.Super. 332, 326 A.2d 427 (1974); *Commonwealth v. Wongus*, 219 Pa.Super. 149, 280 A.2d 666 (1971). When determining whether an instruction on alibi is required, the trial court should view the evidence regarding a possible alibi in the light most favorable to the defendant. *Commonwealth v. Bonomo*, supra; *Commonwealth v. Larue*, 158 Pa.Super. 219, 44 A.2d 535 (1945); *Commonwealth v. Stewart*, 106 Pa.Super. 388, 162 A. 344 (1932). This is true because at all stages of a trial, a defendant is entitled to the presumption of innocence. *Commonwealth v. Bonomo*, supra. This presumption cannot be fully honored if the trial court refuses to give an alibi instruction when a defendant's evidence, if believed, would establish its applicability.

In the instant case, the bartender's testimony viewed in the light most favorable to the appellant, made it impossible for appellant and his co-defendant to have participated

**6.** In *Commonwealth v. Bonomo*, supra, 396 Pa. at 228, 151 A.2d at 445, the Supreme Court specifically upheld the following charge: "In other words, the burden is on the Commonwealth and it is required to prove that this Defendant was at the scene of the crime at the time alleged. Evidence in support of an alibi may, with other facts in the case, raise a reasonable doubt of guilt about which I spoke to you a moment ago, which entitled a defendant to an acquittal." Justice BELL, later Chief Justice BELL, wrote a concurring opinion and suggested a model charge virtually identical to the one submitted by appellant's counsel in this case. In turn, the Supreme Court subcommittee which drafted the Pennsylvania Standard Jury Instructions, Criminal, adopted Justice BELL's proposed instruction. See § 3.11 at 48–49. Appellant's requested instruction is an accurate statement of the law under *Commonwealth v. Bonomo*, supra.

in the chain of events, depicted by the complaining witness, leading up to the robbery. According to the complaining witness, appellant and his co-defendant watched a movie starting at 6:00 p. m. at the drug rehabilitation center at 3rd and Arch Streets on March 12, 1975. The complaining witness testified that appellant and his co-defendant joined him at 6th and Arch Streets sometime around 8:00 p. m. and accompanied him until they robbed him shortly before 8:10 p. m. However, viewing the bartender's testimony in the light most favorable to the defendant, appellant and his co-defendant were sitting in the Hedgeman Beef and Ale Bar at 1229 Filbert Street during the time that this sequence of events allegedly occurred and did not depart until shortly before their arrest. Even if the alleged robbery occurred only two blocks away, appellant and his co-defendant could not have committed the offense if they were sitting in the Hedgeman Bar at that time. Therefore, the bartender's testimony placed the question of alibi in issue, and appellant was entitled to have his requested instruction read to the jury pursuant to *Commonwealth v. Bonomo,* supra.

█ The lower court believed that a specific instruction on alibi need not be given because the testimony of the bartender and that of the victim differed so radically. According to the lower court, the sole issue was credibility; if the jurors believed the bartender's testimony, they would, perforce, acquit appellant and his co-defendant.[7] However, a general charge on assessing the credibility of witnesses is not sufficient to dispel the confusion that is likely to exist when the defendant offers evidence of an alibi. "When affirmative proof, best known by the defendant himself, is offered, a likelihood exists that jurors would look to that proof for persuasion of its truth. *But the correct approach*

7. In a discussion with appellant's counsel in chambers, before reading its instructions to the jury, the lower court stated: "[I]f they believe, for instance, what you said, that is, your alibi that they were in this bar, then they can't believe beyond a reasonable doubt, that these were the guys that were in there that committed the robbery." See also Ftn. 4.

*is that such proof need only raise a reasonable doubt in the jurors' minds as to whether defendant was present at the scene.*" *United States v. Booz,* 451 F.2d 719, 723 (3rd Cir. 1971). (Emphasis supplied) In short, the jury did not need to believe the bartender's testimony in order to acquit. Acquittal would be compelled if the bartender's testimony raised a reasonable doubt in the mind of the jury as to appellant's location at the time of the events in question. The trial court should have so instructed the jury.

When evidence of an alibi is introduced, a specific alibi instruction should also be given in order to refresh the memory of the jury about crucial conflicts in testimony. *Commonwealth v. Bonomo,* supra, commands as much: "It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged." 396 Pa. at 231–32, 151 A.2d at 446. In the instant case, the trial court in its instructions to the jury did not even allude to the conflict between the testimony of the bartender and that of the victim. Because the lower court failed to properly charge the jury in accordance with *Commonwealth v. Bonomo,* we vacate the judgment of sentence and grant appellant a new trial.

Judgment of sentence vacated and a new trial granted.

CERCONE, J., concurs in the result.