466 A.2d 991

**COMMONWEALTH of Pennsylvania**

v.

**Larry BRUNNER, Petitioner.**

Supreme Court of Pennsylvania.

July 22, 1983.

## ORDER

PER CURIAM:

The petition for allowance of appeal filed by Douglas M. Johnson, Esq., is stricken in light of this Court's order of November 29, 1982, directing the appointment of new counsel.

The petition for allowance of appeal filed by Nancy J. Hopkins, Esq., is granted, the order of the Superior Court at No. 1014 Philadelphia, 1981, 305 Pa.Super. 411, 451 A.2d 714 is vacated, and the judgments of sentence of the Court of Common Pleas of Montgomery County are vacated. The record is remanded to the court of common pleas for an evidentiary hearing to determine whether petitioner was afforded effective assistance of counsel. If the court determines that there were no reasonable grounds for counsel's

action designed to effectuate petitioner's interests, see *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), it shall enter an order granting petitioner a new trial. If it is determined that trial counsel's representation was effective, the court shall reinstate the judgments of sentence. The parties may appeal the hearing court's determination. See *Commonwealth v. Vargas,* 498 Pa. 121, 445 A.2d 96 (1982); *Commonwealth v. Brown,* 478 Pa. 628, 387 A.2d 665 (1978); *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

HUTCHINSON, J., files a dissenting opinion.

HUTCHINSON, Justice, dissenting.

I dissent. The initial factor which must be considered in determining whether there are reasonable grounds for counsel's actions is whether the claim is of arguable merit. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). I fail to see how the witness's reference in this case to a co-defendant's prior unrelated criminal conduct so prejudices petitioner as to require a new trial. Since petitioner has failed to provide an adequate basis to establish that a motion for a mistrial would have arguable merit, I would not remand for an inquiry into trial counsel's decision not to pursue the matter. *See Commonwealth v. Hubbard, supra.*