491 A.2d 150

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Larry BRUNNER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 28, 1984.

Filed March 29, 1985.

Nancy J. Hopkins, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

Larry Brunner and Woodrow Wilson Murphy were tried before a jury and were found guilty of burglary and conspiracy. On direct appeal, the Superior Court ordered a new trial for Murphy but affirmed the judgment of sentence imposed upon Brunner. *Commonwealth v. Brunner,* 305 Pa.Super. 411, 451 A.2d 714 (1982). The Supreme Court granted Brunner's petition for allocatur and thereafter vacated the judgment of sentence and remanded "to the court of common pleas for an evidentiary hearing to determine whether petitioner was afforded effective assistance of counsel." *Commonwealth v. Brunner,* 502 Pa. 358, 466 A.2d 991 (1983). The court of common pleas, after an evidentiary hearing, found that Brunner's counsel had not been ineffective and denied relief. The case is now before this Court on appeal from the order denying relief.

The issues requiring consideration are two in number. First, was trial counsel ineffective for failing to make an objection or move for a mistrial when a principal Commonwealth witness testified that Murphy, the co-defendant,

used an alias because he had "jumped parole?"[1] The second issue is whether counsel was ineffective, after having produced an alibi witness, for failing to request a jury instruction regarding the significance of the alibi evidence.

"Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981). We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. See *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). Thus, counsel's assistance is deemed constitutionally effective once we are able to conclude the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349 (1967). We presume counsel is effective. Moreover, the burden of establishing counsel's ineffectiveness rests upon his client.

*Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 481–482, 482 A.2d 968, 973 (1984), quoting *Commonwealth v. Dunbar*, 503 Pa. 590, 596, 470 A.2d 74, 77 (1983).

■ Appellant's trial counsel testified that after a pre-trial motion to sever the Brunner and Murphy cases had been unsuccessful, he adopted a trial strategy which included keeping Brunner "as far away from Mr. Murphy as I could." A part of the stolen property had been found in Murphy's house. The Commonwealth's case against Murphy, therefore, was stronger than its case against Brunner, who was connected to the burglary only by the testimony of

1. It was because of the prejudicial effect of this question and answer that a new trial was awarded to Murphy by the Superior Court. *Commonwealth v. Brunner, supra.*

Alice Maxwell, an admitted accomplice. When Maxwell testified that Murphy had "jumped parole," the prejudice attached to Murphy. Consistently with the strategy of Brunner's trial counsel, he and his client remained aloof from the ensuing Murphy objection.[2] In this manner counsel attempted to foster a belief on the part of the jurors that it was Murphy, not Brunner, who had been responsible for the burglary.

This course had a reasonable basis designed to effectuate Brunner's interests. We will not determine whether, in hindsight, it would have been more reasonable to join the objection of the co-defendant.

In determining that counsel did not handle this aspect of the trial ineffectively, it is not without significance that at least one Justice of the Supreme Court has suggested that Brunner was not so prejudiced by the fact that Murphy had "jumped parole" as to entitle him to a new trial. *Commonwealth v. Brunner, supra* (Hutchinson, J., Dissenting Opinion). The strategy employed by counsel, therefore, cannot be said to be so unreasonable that no lawyer would have chosen it.

█ Counsel's failure to request an alibi instruction after having introduced evidence of an alibi defense, however, was unreasonable. The Commonwealth's witness, Alice Maxwell, testified that Murphy, Brunner and she had looked around and burglarized a house "around noontime" on August 10, 1979. Marie Minotto was called as an alibi witness by Brunner's attorney and testified that on August 10, 1979, between noon and 12:30 p.m., she had observed Brunner working at an ice cream parlor at High and Franklin Streets in Pottstown. Counsel did not request a jury instruction regarding alibi evidence, and the trial court gave

2. At the close of the Commonwealth's case, Brunner's counsel joined a motion for mistrial made on behalf of Murphy. It was argued that the prejudice to Murphy would also be imputed to Brunner. The trial court denied the motion for mistrial. Brunner's counsel did not argue this ruling on appeal, believing it had been waived by the failure to object at the time the question was asked and answered.

none. The court's only reference to Marie Minotto's testimony was as follows:

"The defense called one witness, Miss Minotto, who is Larry Brunner's girlfriend. She remembered, by her testimony, August 10, 1979, because she had ice cream in his stand on that date, at his place of business."

After the court had instructed the jury, counsel made no request for further instructions regarding Brunner's alibi defense and did not object to the court's failure to give any instruction on the significance of alibi testimony.

■■■ The rule followed by the courts of this jurisdiction was stated in *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959) as follows:

The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged.

*Id.*, 396 Pa. at 231–232, 151 A.2d at 446.[3] Where an alibi defense is presented, the trial court must instruct the jury that it should acquit if the alibi evidence, even if not wholly

---

**3.** The Pennsylvania Standard Jury Instruction is as follows:

Obviously the defendant cannot be guilty unless he was at the scene of the alleged crime. The defendant has offered evidence to show that he was not present at the crime but rather was at (_____-___). You should consider this evidence along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond reasonable doubt that a crime was committed and that the defendant himself committed (or took part in committing) it. The defendant's evidence that he was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of his guilt in your minds. If you have a reasonable doubt of the defendant's guilt you must find him not guilty.

believed, raises a reasonable doubt as to the presence of the defendant at the scene of the crime at the time when the offense was committed. "[S]uch an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Commonwealth v. Pounds,* 490 Pa. 621, 633–634, 417 A.2d 597, 603 (1980). A failure to give a specific alibi instruction, where warranted, is error requiring a new trial. *Commonwealth v. Pounds, supra; Commonwealth v. Van Wright,* 249 Pa.Super. 451, 378 A.2d 382 (1977). General instructions on the Commonwealth's burden of proving each element of a crime beyond a reasonable doubt is not an adequate substitute for a specific alibi instruction. *Commonwealth v. Pounds, supra* 490 Pa. at 634, 417 A.2d at 603. Similarly, a general charge on assessing the credibility of witnesses will not suffice. *Commonwealth v. Van Wright, supra* 249 Pa.Super. at 458, 378 A.2d at 386.

In the case sub judice, appellant's only witness had been an alibi witness. A correct jury instruction, therefore, was vital. Appellant's counsel, however, did not request such an instruction; and when the court gave none, counsel failed to object.

In the face of this obvious dereliction, appellant's counsel testified at the P.C.H.A. hearing that he didn't request a specific alibi instruction because he didn't believe the alibi witness. Neither he nor the Commonwealth has been able to explain how the failure to request an alibi instruction after the alibi witness had testified could reasonably be calculated to serve the best interests of counsel's client. The witness had testified; the alibi evidence was before the jury; and appellant was entitled to a specific instruction from the court regarding its significance. When the trial court failed to deliver the required instruction, counsel had a duty to request it to do so and, if the request was denied, to preserve the court's error by an appropriate objection. To fail in this respect was so unreasonable that it must be equated with constitutionally ineffective assistance.

The P.C.H.A. court, although apparently recognizing this deficiency in counsel's stewardship, refused relief because

"to now grant a new trial on this isolated issue of not requesting an alibi charge to the jury would be grievous error." We disagree. Appellant's only defense was alibi. Nevertheless, the jury was never told the significance of the evidence introduced to support this defense. This was the grievous error. No competent lawyer would have overlooked it.

Reversed and remanded for a new trial. Jurisdiction is not retained.