498 A.2d 913

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Thomas T. NAUMAN, Appellant.**

Superior Court of Pennsylvania.

Argued May 14, 1985.

Filed Sept. 13, 1985.

458

Melaine S. Rothey, Assistant Public Defender, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

■ Thomas T. Nauman, the appellant, was tried by jury and was found guilty of rape and indecent assault.[1] Post-trial motions were dismissed, and Nauman was sentenced for rape to a term of imprisonment for not less than ten nor more than twenty years.[2] On direct appeal from the judgment of sentence, Nauman argues (1) that the trial court erred in allowing the jury to see photographs taken of the victim four days after the alleged rape; (2) that the trial court failed to state adequate reasons for imposing a sentence in excess of that recommended by the sentencing guidelines; and (3) that trial counsel rendered ineffective assistance (a) by failing to request an alibi instruction and (b) by failing to request a poll of the jury.[3]

■ The admission of photographs is within the sound discretion of the trial court, and its ruling will not be reversed on appeal unless there has been an abuse of that

1. This was the second trial on these charges. A prior jury had found Nauman not guilty of involuntary deviate sexual intercourse, aggravated assault and unlawful restraint but had been unable to agree to a verdict on the charges of rape and indecent assault.

2. A suspended sentence was imposed by the court for indecent assault.

3. Appellant is represented on appeal by new counsel. Averments of ineffective assistance of trial counsel, therefore, are properly made on appeal, which is the first instance in which appellant is represented by counsel other than trial counsel. See: *Commonwealth v. Johnson*, 479 Pa. 60, 62 n. 3, 387 A.2d 834, 834 n. 3 (1978); *Commonwealth v. Cimorose*, 330 Pa.Super. 1, 7 n. 2, 478 A.2d 1318, 1321 n. 2 (1984).

discretion. *Commonwealth v. Woodward,* 483 Pa. 1, 6, 394 A.2d 508, 511 (1978); *Commonwealth v. Fields,* 317 Pa.Super. 387, 402, 464 A.2d 375, 383 (1983). See also: *Commonwealth v. Garcia,* 505 Pa. 304, 313, 479 A.2d 473, 478 (1984); *Commonwealth v. Petrakovich,* 459 Pa. 511, 521, 329 A.2d 844, 849 (1974); *Commonwealth v. McClain,* 325 Pa.Super. 29, 37, 472 A.2d 630, 634 (1984). "The mere fact ... that photographs were taken at a time different from that in question does not render them inadmissible if witnesses are able to verify them as substantial representations of the conditions as they existed at the time in question." 29 Am.Jur.2d *Evidence* § 789 (1967). The rape in the instant case allegedly occurred on the evening of June 6, 1983. The photographs of the prosecuting witness were taken on June 10, 1983. There was evidence that her appearance on June 10, as depicted by the photographs, was the same as it was on the day following the alleged rape. This evidence was sufficient to establish the accuracy and relevancy of the photographs.

■ The relevancy of the photographs was not impaired because the defendant had given pre-trial notice that he intended to present an alibi defense. In the absence of an agreement regarding the facts—there was no agreement here—the Commonwealth was required to prove beyond a reasonable doubt each and every element of the offenses charged. It was not relieved of this burden merely because the defendant's principal defense was that he was elsewhere at the time of the alleged offenses. The assertion of an alibi defense did not constitute an admission that the prosecuting witness had been forcibly compelled to participate in sexual intercourse. The photographs in this case were relevant to establish that forcible compulsion had been exercised by appellant to achieve sexual intercourse with the prosecuting witness. "Evidence is relevant if it tends to establish some fact material to the case or tends to make the fact at issue more or less probable." *Commonwealth v. Davenport,* 462 Pa. 543, 555, 342 A.2d 67, 72 (1975). See

also: *Commonwealth v. Dennis,* 313 Pa.Super. 415, 422, 460 A.2d 255, 258–259 (1983).

To understand the nature and significance of appellant's alibi defense, reference to the facts is necessary. Thomas Nauman and Linda Frye were not strangers. They had been dating for more than a month and had frequently engaged in sexual intercourse. On some of these occasions, according to the evidence, they had engaged in games of bondage, during which Linda agreed to be bound and appellant, while Linda was tied up, engaged in sexual acts with her. During this period and on various occasions, appellant gave Linda money in varying amounts. On the evening of June 6, 1983, they met and talked. What happened thereafter varies according to whether one accepts the testimony of the appellant or the prosecuting witness.

At or about 10:00 o'clock p.m., according to Linda's version, appellant drove her to Forging Field where they parked. At this time, she testified, appellant "grabbed me and got between me and the bucket seats and tied me up." (N.T. 37). She said that when she screamed, appellant "would smack me in the head and pull my hair and tell me to shut up bitch...." (N.T. 37). She continued: "Then he pulled my pants down. We had sex." After that, she said, "[h]e picked me up and then sat me in the seat. He then took a fishook and stuck [it] in my breasts and made me have oral sex." (N.T. 40).

Appellant testified that on the evening of the alleged offenses he met Linda at a bar where they talked. She was angry with him, he said, because he had very little money and had not paid her for prior sexual favors. He left the bar before 10:00 o'clock, he said, and returned to his home where he asked his mother to lend him some money. His mother testified that he had come home about 9:45 o'clock and remained there until approximately 10:30. He had then announced that he was going out. She remonstrated with him because of the lateness of the hour, but appellant ignored his mother's plea and went to another bar. He arrived home, he said, at 1:30 a.m. Appellant's father

confirmed that appellant had come home earlier in the evening. Although he had not seen his son, he testified that he had heard his voice. Appellant denied that the prosecuting witness had been in his car on the night of the alleged offense and denied having sexual relations with her that night.

Appellant's trial counsel did not request a jury instruction explaining the defense of alibi; and the trial court said nothing to the jury about alibi. Indeed, the trial court did not make reference to any defense during its charge to the jury. At the conclusion of the court's jury instructions, appellant's counsel did not call this omission to the attention of the trial court. Counsel took no exceptions to the court's instructions and, despite opportunity to do so, requested no additional instructions. Appellant argues that the failure to request an alibi instruction, after counsel had given notice of an alibi defense and had offered evidence of alibi, rendered counsel's assistance ineffective.

"Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981). We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. See *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). Thus, counsel's assistance is deemed constitutionally effective once we are able to conclude the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

*Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 481, 482 A.2d 968, 973 (1984), quoting *Commonwealth v. Dunbar*, 503 Pa. 590, 596, 470 A.2d 74, 77 (1983). "A finding that appellant is entitled to a new trial cannot be made

unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice to the defendant." *Commonwealth v. Garvin*, 335 Pa.Super. 560, 566, 485 A.2d 36, 39 (1984).

The issue of whether trial counsel should be deemed ineffective for failing to request an alibi instruction after having introduced evidence of an alibi defense was recently before this Court in *Commonwealth v. Brunner*, 341 Pa. Super. 64, 491 A.2d 150 (1985). Recounting the importance of an alibi instruction, we said:

> [w]here an alibi defense is presented, the trial court must instruct the jury that it should acquit if the alibi evidence, even if not wholly believed, raises a reasonable doubt as to the presence of the defendant at the scene of the crime at the time when the offense was committed. "[S]uch an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Commonwealth v. Pounds*, 490 Pa. 621, 633–634, 417 A.2d 597, 603 (1980). A failure to give a specific alibi instruction, where warranted, is error requiring a new trial. *Commonwealth v. Pounds, supra; Commonwealth v. Van Wright*, 249 Pa.Super. 451, 378 A.2d 382 (1977). General instructions on the Commonwealth's burden of proving each element of a crime beyond a reasonable doubt is not an adequate substitute for a specific alibi instruction. *Commonwealth v. Pounds, supra* 490 Pa. at 634, 417 A.2d at 603. Similarly, a general charge on assessing the credibility of witnesses will not suffice. *Commonwealth v. Van Wright, supra* 249 Pa.Super. at 458, 378 A.2d at 386.

*Id.*, 341 Pa.Superior Ct. at 69–70, 491 A.2d at 152–153. An unexplained failure to request alibi instruction, after alibi evidence had been offered and received, was held in *Brunner* to be evidence of ineffective assistance. Moreover, "[w]hen the trial court failed to deliver the required instruction, counsel had a duty to request it to do so and, if the request was denied, to preserve the court's error by an

appropriate objection. To fail in this respect was so unreasonable that it must be equated with constitutionally ineffective assistance." *Id.,* 341 Pa.Superior Ct. at 70, 491 A.2d at 153.

The Commonwealth concedes that there is arguable merit in appellant's claim of ineffective assistance and suggests that we remand for an evidentiary hearing to receive defense counsel's explanation for the failure to request an alibi instruction. The Supreme Court, however, has directed that "[w]here the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted." *Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnote omitted). Where, as here, appellant's counsel gave notice of an alibi defense and actually introduced evidence of alibi, there can be no reasonable basis for failing to request an alibi instruction. See: *Commonwealth v. Brunner, supra.* See also: *Commonwealth v. Hoang Khai Tran,* 307 Pa.Super. 489, 453 A.2d 993 (1982). There was nothing to lose and everything to gain by having the trial court explain to the jury that even if the jury did not wholly believe the alibi testimony it should nevertheless find appellant not guilty if it had a reasonable doubt about appellant's presence at the time of the alleged offense. The failure to request such an instruction was ineffectiveness requiring a new trial.

Because of our decision to award a new trial, it is unnecessary to determine whether the sentence imposed by the trial court was excessive.[4] The record discloses, however, that the court ignored the District Attorney's request for a minimum sentence consistent with the aggravated minimum range recommended by the sentencing guidelines

---

4. We find no merit in appellant's contention that trial counsel was ineffective for failing to poll the jury, for there was no reason to believe that the verdict was other than a unanimous decision by the jury. See: *Commonwealth v. Johnson,* 312 Pa.Super. 484, 459 A.2d 5 (1983).

and, despite the absence of any prior criminal record, imposed upon appellant the maximum sentence allowed by law. Such a departure from the sentencing guidelines is proper only where adequate reasons are stated by the court.

Reversed and remanded for a new trial.

SPAETH, President Judge, files a concurring statement.

SPAETH, President Judge, concurring:

I agree that the record on its face shows ineffectiveness of counsel and that a new trial is therefore required. I concur separately because I remain unpersuaded by this court's opinion in *Commonwealth v. Litzenberger*, 333 Pa. Super. 471, 482 A.2d 968 (1984), and *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984). *See* my concurrence in *Garvin, id.*, 335 Pa.Superior Ct. at 566, 485 A.2d at 39.