577 A.2d 210

COMMONWEALTH of Pennsylvania

v.

David Roy SMIDL, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 22, 1990.

Filed June 27, 1990.

Patrick J. Thomassey, Monroeville, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Order of Trial Court is reversed. Judgment of Sentence is vacated and case is remanded for a new trial. Jurisdiction is relinquished.

JOHNSON, Judge, dissenting.

I would agree with my esteemed colleagues that the outcome of this case would appear to be controlled by the holding in *Commonwealth v. Roxberry*, 381 Pa.Super. 314, 553 A.2d 986 (1988). However, since I respectfully believe that *Roxberry* was not built on solid ground and, in fact, is presently subject to re-examination by our supreme court, *Commonwealth v. Roxberry*, 100 W.D.Appeal Dkt.1989, *appeal granted* November 9, 1989, 523 Pa. 649, 567 A.2d 652, I must dissent.

The case now before us involves a defendant charged with robbery, theft and receiving stolen property. On the second day of trial, prior to the jury being brought into the courtroom, defense counsel informed the court that none of the three alibi witnesses would be appearing to testify in

support of the alibi defense. Defense counsel stated to the court that two of the witnesses were beyond the authority of the court (last known to reside in Rochester, New York) and the third potential witness had no personal recollection of the events surrounding the incident and his business records were in disarray. Notes of Trial Testimony, May 4, 1982, pages 82–84. As PCHA defense counsel subsequently noted at the evidentiary hearing, there is no indication on the record that the witnesses were ever properly served with subpoenas. PCHA Transcript, July 9, 1987, pages 4–5.

At the close of the Commonwealth's case-in-chief, the court sustained David Roy Smidl's demurrer to the third count, receiving stolen property. Thereafter, Smidl presented the only testimony in his defense. He testified to having been in downtown Pittsburgh on the evening in question with his girlfriend, her girlfriend, and two other friends. Following the close of the case, the jury deliberated for less than two hours. It convicted Smidl of robbery and theft by unlawful taking or disposition based upon the positive identification made by Susan Braun, an office worker in the grocery store where the robbery occurred, and the testimony of Robert Martin, a Ross Township police officer who had led a warranted search of Smidl's apartment residence and recovered items identical to those used in the robbery and removed from the store by the robber.

Initially, I would agree with the most distinguished trial judge, the Honorable Robert E. Dauer, that Smidl has failed to demonstrate a reasonable probability that, but for counsel's allegedly unprofessional error in failing to request an alibi charge, the result of the proceeding would have been different, that is to say our confidence in the outcome would be undermined. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068–2069, 80 L.Ed.2d 674, 698 (1984). As Judge Dauer pointed out in his Opinion filed October 28, 1987:

In this case the victim of the robbery identified defendant as the guilty party both prior to trial and in Court. Physical evidence consistent with the rather unusual

items taken by the robber were found in defendant's home and were identified by the victim. Weighing this evidence against defendant's unsupported testimony that he was elsewhere when the crimes occurred, the Court concludes that the failure to have requested an alibi instruction does not satisfy the *Strickland* test for ineffectiveness. To conclude that had the instruction been given the result at trial would likely have been different, that is, to conclude that defendant's trial was fundamentally unfair, requires speculation too extreme, in light of the applicable test, to overcome the presumption of regularity and effectiveness of counsel.

Opinion, October 28, 1987, page 2. I would have little difficulty affirming the July 10, 1987 and July 5, 1989 orders denying PCHA relief by adopting the analysis of the trial court.

Turning to the seemingly *per se* rule established in *Commonwealth v. Roxberry, supra*, I would first note that case was decided in December 1988, some six and one-half years after the trial conduct here under review. As the distinguished author of the *Roxberry* opinion, the Honorable Donald E. Wieand, had earlier pointed out in *Commonwealth v. Johnson*, 347 Pa.Super. 93, 100, 500 A.2d 173, 177 (1985):

We will not "impose upon trial counsel [or appellate counsel] the qualities of a seer ... and counsel will not be deemed ineffective for failing to predict future developments in the law." *Commonwealth v. Triplett*, 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977). On the contrary, we examine counsel's stewardship under standards as they existed at the time of his actions.

*Cf., Commonwealth v. Ahearn*, 357 Pa.Super. 404, 406–407, 516 A.2d 45, 46 (1986), *appeal denied* 514 Pa. 628, 522 A.2d 556, (1987) (table).

The *per se* rule compelling a trial judge to give an alibi charge regardless of the circumstances did not appear in our jurisprudence until *Commonwealth v. Brunner*, 341 Pa.Super. 64, 491 A.2d 150 (1985), almost three years after

the trial here under review. In *Brunner,* Judge Wieand relied upon *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980) and *Commonwealth v. Van Wright,* 249 Pa.Super. 451, 378 A.2d 382 (1977) for the principle that "a failure to give a specific alibi instruction, where warranted, is error requiring a new trial." 341 Pa.Super. at 70, 491 A.2d at 153. Judge Wieand rejected trial counsel's explanation that he did not believe the witness, with this:

"The witness had testified; the alibi evidence was before the jury; and appellant was entitled to a specific instruction from the court regarding its significance. When the trial court failed to deliver the required instruction, counsel had a duty to request it to do so and, if the request was denied, to preserve the court's error by an appropriate objection. To fail in this respect was so unreasonable that it must be equated with constitutionally ineffective assistance." 341 Pa.Super. at 70, 491 A.2d at 153.

Both *Pounds* and *Van Wright,* upon which Judge Wieand relied, involved a *requested* alibi instruction which had been refused. In *Commonwealth v. Van Wright,* the testimony of a bartender had placed the question of alibi in issue. This court reviewed *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959), including how alibi evidence must be viewed, and the presumption of innocence. In *Van Wright,* we held that "[t]his presumption cannot be fully honored if the trial court *refuses* to give an alibi instruction when a defendant's evidence, if believed, would establish its applicability." ᵀ 249 Pa.Super. at 457, 378 A.2d at 385. (emphasis added).

Similarly, in *Pounds,* our supreme court had to consider whether a retrial was in order where the trial judge had refused a request to instruct the jury on the defense of alibi. The defendant's testimony concerning his whereabouts was not supported by any other evidence, but was found to be sufficient by the majority of the court to raise an alibi defense. There, the court held that the failure to instruct the jury *upon request* constituted trial court error which was not harmless, since the defendant bears no

burden of proof on alibi and such evidence, even if not wholly believed, might have raised a reasonable doubt of the defendant's presence at the scene of the crime at the time of its commission and thus, of his guilt. As in *Van Wright, Pounds* involved a refusal of a request for an instruction.

From my review of the cases, I conclude that it was not until *Brunner* in 1985 that this court suggested that an alibi instruction might be required regardless of trial counsel's conduct or desire. I have found no case from our Supreme Court confirming this compulsory rule.

The *per se* rule established first in *Brunner*, and followed in *Commonwealth v. Nauman*, 345 Pa.Super. 457, 498 A.2d 913 (1985) and *Roxberry, supra,* would compel a trial judge to give an alibi charge regardless of the circumstances and regardless of the wishes of the defendant or defense counsel. In both *Brunner* and *Nauman*, the opinion writer concluded that there could be no reasonable basis for failing to request an alibi instruction. In *Brunner*, defense counsel testified at the PCHA hearing that he did not request a specific alibi instruction because he did not believe the alibi witness. Counsel may well have feared that focusing the jury's attention on patently false alibi evidence could have diverted the jury from considering some other plausible aspect in the case more favorable to the defendant.

If I understand the thrust of *Brunner, Nauman* and *Roxberry,* those cases conclude that there can be no reasonable basis for not wanting an alibi charge and this decision is too important to be left to the defendant and defense counsel. I cannot agree.

Moreover, if the *per se* command of *Roxberry* is to be followed, it would appear that the "prejudice" review found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and carried forward in this jurisdiction in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) would no longer apply, even where defense counsel finds the alibi testimony incredible, as in *Brunner*. I

seriously doubt that our Supreme Court would sanction this.

Recently, this court has addressed the obverse of the situation presented by *Brunner* and its progeny. Where a criminal defendant does *not* testify, and specifically requests the court *not* to charge that he has the right not to testify and that no adverse inference may be drawn from his failure to take the witness stand, we have held that it is error for the court to give the instruction concerning a defendant's right to remain silent. *Commonwealth v. Rasheed*, 392 Pa.Super. 280, 572 A.2d 1232 (1990).

Our rationale in *Rasheed* was that defense counsel and his or her client should be able to decide if they want the jury to focus on the fact that the defendant has not testified. We recognized that the jury will be aware of this fact, but in some cases the defendant may not want this highlighted. 392 Pa.Super. at 288, 572 A.2d at 1235. Similarly, in these cases involving an alibi defense, I should think that the defendant and defense counsel should not be deprived of the right to control trial strategy. In my view, the majority on this appeal is moving counter to the direction of our court as manifest in *Rasheed*, and away from the autonomy of the defendant and defense counsel without any clear enhancement of the administration of justice.

My review of the charge actually delivered persuades me that it was entirely fair. We should not lose sight of our obligation, as an intermediate appellate court, to examine the entire jury charge as a whole to determine whether it was fair or prejudicial. *Commonwealth v. Ohle*, 503 Pa. 566, 582, 470 A.2d 61, 70 (1983); *Commonwealth v. Sparks*, 351 Pa.Super. 320, 328, 505 A.2d 1002, 1006 (1986). I find no fault with the charge as given.

In order to join with my colleagues in directing a new trial on this appeal, I would have to conclude that, in 1982, (1) defense counsel was ineffective for not requesting an alibi instruction *and* (2) the most learned trial judge committed reversible, prejudicial error when he did not (a) anticipate this court's quantum leaps of 1985 and beyond as

expressed in *Brunner* and its progeny and (b) deliver, *sua sponte,* an alibi instruction that had not been requested nor, in my judgment, was required. I am not inclined towards either conclusion.

On July 5, 1989, after due consideration, Judge Dauer denied the prayer of the post conviction petition. This occurred following remand of this appeal from our court, where the original appeal had been taken from Judge Dauer's order of July 10, 1987 which also denied post conviction relief. On remand, a second evidentiary hearing was held, where former trial and appellate defense counsel testified, prior to the entry of the July 5, 1989 order. I would affirm both orders denying post conviction relief. Therefore, I respectfully dissent.