# Commonwealth v. Beingo, Appellant.

*Criminal law—Evidence—Good character—Charge.*

In charging the jury in criminal cases the trial judge is under no obligation to use any particular or set form of words. All that the prisoner is entitled to, even on trial for murder, is that the jury shall be accurately instructed as to the law applicable to every material phase of the case which the jury may, under the evidence, be authorized to consider.

Good character is an affirmative and substantive fact to be considered on the whole question of guilt, including reasonable doubt.

The substance of the law as to good character is that it is not a mere makeweight but positive and substantive evidence in itself and entitled as such to go to the jury as a fact in the prisoner's favor. If the jury is so instructed the duty of the judge is correctly performed, and if counsel for the prisoner want instruction in some preferred form they should request it in the usual way.

Argued Jan. 8, 1907. Appeal, No. 317, Jan. T., 1907, by defendant, from judgment of O. & T. Luzerne Co., Sept. T., 1906, No. 219, on verdict of guilty of murder in the second degree in the case of Commonwealth v. Joseph Beingo. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before WHEATON, J.

At the trial it appeared that on June 28, 1906, the prisoner shot and killed his father-in-law, Raphael Marsicano. The defendant claimed that the shooting was in self-defense.

The court charged in part as follows:

In addition to the various facts testified to, which you will recall, and some of which I have narrated to you, the defendant has put upon the witness stand a number of people who have known him for many years, and they testify that from the speech of the people in communities in which he has lived, his reputation as a law-abiding, peaceable citizen before June 28, last, was good. Now, that is what is known as character testimony. Ordinarily it is offered where there is a denial on the part of the defendant that he has committed the crime with which he is charged, ordinarily it comes to the court when there is a general denial. [But it is none the less important, and none the less pertinent in a case of this kind where the defendant admits the killing, as bearing upon the question of whether the killing was, as the commonwealth contends, a deliberate, willful, premeditated, felonious killing, or whether, as the prisoner contends, it was done in self-defense.] [2] This kind of testimony is not to be made light of, it is not a mere makeweight thrown in to fill out a case, it is affirmative, substantive testimony to be considered by you fairly in connection with all the other evidence in the case, as bearing upon the question of whether the commonwealth has not established the guilt of the prisoner as he stands charged in the indictment, beyond a reasonable doubt.

Verdict of guilty of murder of the second degree.

*Errors assigned* were (1) in failing to charge the jury that "Evidence of good character, in itself, by the creation of a reasonable doubt may work the acquittal of the defendant;" (2) portion of charge as above, quoting it.

*Frank A. McGuigan,* with him *James P. Costello,* for appellant.—Evidence of good character, in itself, by the creation of a reasonable doubt, may work an acquittal: Heine v. Com., 91 Pa. 145; McLain v. Com., 99 Pa. 86; Hanney v. Com., 116 Pa. 322; Com. v. Cleary, 135 Pa. 64; Com. v. Eckerd, 174 Pa. 137; Com. v. Harmon, 199 Pa. 521; Com. v. Sayars, 21 Pa. Superior Ct. 75; Com. v. Miller, 31 Pa. Superior Ct. 309.

*Evan C. Jones,* assistant district attorney, with him *B. R. Jones, John M. Garman* and *James P. Gorman,* for appellee.

PER CURIAM, February 4, 1907 :

The first assignment of error complains that the judge did not charge the jury that " Evidence of good character, in itself, by the creation of a reasonable doubt may work the acquittal of the defendant." But the trial judge is under no obligation to use any particular or set form of words. All that the prisoner is entitled to, even on trial for murder, is that the jury shall be accurately instructed as to the law applicable to every material phase of the case which the jury may under the evidence be authorized to consider. The substance of the law as to good character is that it is not a mere make-weight, but positive and substantive in itself and entitled as such to go to the jury as a fact in the prisoner's favor. If the jury is so instructed the duty of the judge is correctly performed, and if counsel for the prisoner want instruction in some preferred form they should request it in the usual way. The judge's attention being thus directly called to the subject he may adopt the form suggested, or modify his own expression or stand on the latter as it is. The question for this court will then be not whether any particular form would have been more satisfactory to either party to the issue, but whether the charge as given was substantially an accurate guide to the jury. That is the whole purpose of a charge in homicide as in other cases. The law of Pennsylvania as to the weight of good character is more favorable to the accused than the common law or the law of most other states, but it has not gone so far as to give it any special prominence or superiority to the other facts in evidence in the case.

The learned judge charged that evidence of character " ordinarily comes to the court when there is a general denial. But it is none the less important, and none the less pertinent in a case of this kind where the defendant admits the killing, as bearing upon the question of whether the killing was, as the commonwealth contends, a deliberate, willful, premeditated, felonious killing, or whether, as the prisoner contends, it was done in self-defense. This kind of testimony is not to be made light of, it is not a mere makeweight thrown in to fill out a case, it is affirmative, substantive testimony to be considered by you fairly in connection with all the other evidence in the case, as bearing upon the question of whether the common-

wealth has or has not established the guilt of the prisoner as he stands charged in the indictment, beyond a reasonable doubt."

He thus in immediate connection with the reiteration of the duty of the commonwealth to prove guilt beyond a reasonable doubt, charged the jury that good character was an affirmative and substantive fact to be considered on the whole question of guilt, including reasonable doubt. Only a lawyer racking his ingenuity to find a flaw could say that this was not an adequate as well as accurate statement of the law.

Judgment affirmed.