453 A.2d 993

**COMMONWEALTH of Pennsylvania**

v.

**HOANG KHAI TRAN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1981.

Filed Dec. 10, 1982.

Petition for Allowance of Appeal Denied May 18, 1983.

12. *Laudenberger v. Port Authority of Allegheny County, et al.,* 496 Pa. at 69, 436 A.2d at 156.

490

Taylor P. Andrews, Public Defender, Carlisle, for appellant.

J. Michael Eakin, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

This is a direct appeal from judgment of sentence. We now reverse and remand for new trial.

In the early morning hours of April 12, 1980 appellant Tran drove from his home in New Cumberland to the home of Cheng Chang in Lemoyne, Cumberland County. He was let into the house by Chang and the two had words about a woman whom Chang was then dating and whom Tran had once dated for nearly a year. The dispute moved from the first floor of Chang's house to his second floor bedroom. The argument grew heated. Aroused by the noise, Chang's sister and mother entered the room and turned on the light. They saw appellant stab Chang more than once. The sister ran to the telephone and called the police. Chang asked appellant for the knife and appellant handed it to him. He then fled the house. The police later found him sleeping in his car and arrested him for the assault on Chang. Twenty-three days later Chang died from complications arising from

the multiple stab wounds and Tran was rearrested and charged with murder. The burglary and assault charges were dropped.

At trial appellant testified that on the evening just prior to the stabbing he consumed five or six beers, two "screwdrivers" (vodka and orange juice), and then smoked hashish. He then telephoned Eileen Hall and asked if he could see her the following day. She denied him the interview. Ms. Hall testified that he sounded excited and that his voice was unusually high. She characterized the call as "silly." Following this conversation, which was made from appellant's home, appellant took a knife and drove from New Cumberland to Lemoyne. Tran claimed at trial that he took the knife because he feared a confrontation with Chang about Ms. Hall. The confrontation did in fact occur, although the only witnesses to its inception were Tran and Chang. Tran claimed that he acted in self-defense when he first stabbed Chang. He testified that the two quarrelled over a picture of Ms. Hall and that Chang struck him with a flashlight. He testified that he had no intention of killing Chang. The police officers testified that when they arrested Tran they detected no signs of intoxication. They did not smell alcohol on his breath nor did they detect that he had trouble standing or walking even after his hands were secured behind his back.

In addition to asserting both self-defense and intoxication, appellant offered evidence of his good character by way of testimony concerning his reputation for peacefulness. He submitted a point for charge to the jury on the question of reputation testimony. The court agreed to read the submitted charge to the jury but later neglected to do so. Appellant's counsel failed to object to the court's omission and the case was sent out with the jury. They returned with a verdict of guilty of murder of the first degree. Appellant, represented by the same counsel as at trial, then filed a motion in arrest of judgment and a motion for new trial. The motion for new trial raised, *inter alia,* counsel's ineffectiveness for his failure to object to the court's omis-

sion of the jury instruction on reputation evidence. The court denied both motions and subsequently sentenced appellant to life imprisonment. Still represented by trial counsel, appellant brought this timely appeal.

■■■ Appellant first assigns as error the lower court's refusal to grant the motion in arrest of judgment thereby raising the question of the evidence's sufficiency to sustain the verdict of guilty of murder in the first degree. In deciding sufficiency claims on appeal, we read the evidence in the light most favorable to the Commonwealth as verdict winner, giving it also the benefit of all inferences which can be reasonably drawn from the evidence. We then weigh the evidence and inferences against the elements of the crime to determine whether the Commonwealth has met its burden of proving each element thereof beyond a reasonable doubt. See *Commonwealth v. Fisher*, 491 Pa. 231, 420 A.2d 427 (1980). When self-defense is raised as a defense to a homicide charge the Commonwealth bears the additional burden of proving beyond a reasonable doubt either:

> (1) that the defendant did not reasonably believe it was immediately necessary to kill in order to protect himself against death or serious bodily harm, or that the defendant used more force than was necessary or reasonably appeared to him to be necessary to save himself from death, great bodily harm or the commission of a felony,
>
> (2) that the defendant provoked the use of force, or
>
> (3) that the defendant had a duty to retreat and that retreat was possible with complete safety.

*See* 18 Pa.C.S. § 505(b)(2). And see *Commonwealth v. Fisher, supra; Commonwealth v. Eberle*, 474 Pa. 548, 379 A.2d 90 (1977). A defense claim of intoxication which seeks to negate the element of specific intent required to sustain convictions for first degree murder places no *additional* burden (either of proof or persuasion) on the Commonwealth, since those burdens rest with it from the outset. Evidence of intoxication thus tends to question the sufficiency of the Commonwealth's evidence of specific intent in such cases, but does not obligate the Commonwealth to prove

additional elements as in the case when self-defense is raised. See *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974). See 18 Pa.C.S. § 308.

■ Clearly the evidence was sufficient to sustain the verdict. Appellant has not denied that he stabbed his victim, indeed, by raising his self-defense claim he has admitted doing so. Moreover, it is certain that Chang died as a result of his wounds, albeit nearly a month after the assault. The jury could reasonably have inferred appellant's premeditation of the crime when he took the knife from his house as he left to confront his victim and the necessary malice may have been inferred from the use of the deadly weapon itself. The jury was not required to accept appellant's claim of intoxication but could reasonably have believed the arresting officers when they testified that they detected no traces of alcohol on appellant. As for the claim of self-defense, the jury could reasonably have concluded, even if it believed appellant when he testified that Chang struck him with a flashlight, that appellant used excessive force, or that he provoked the use of force or that retreat from the victim's bedroom and house was possible. The court did not err in refusing to grant the motion in arrest of judgment and appellant is not entitled to a discharge.

■ Appellant's second assignment of error raises the spectre of his counsel's ineffectiveness. The question is presented to us in an unusual although not altogether untoward procedural posture in that appellant is now represented by the same counsel as at trial and post-trial. Counsel may raise his own ineffectiveness, and will be permitted to argue the same on appeal, if he has preserved the issue by raising it at the first available time (in post-trial motions when the allegation is one of ineffectiveness at trial), and if the ineffectiveness is apparent on the face of the record. See *Commonwealth v. Drake,* 489 Pa. 541, 414 A.2d 1023 (1980); *Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. McNeal,* 261 Pa.Superior Ct. 332, 396 A.2d 424 (1978); *Commonwealth v. Matt,* 249 Pa.Superior Ct. 98, 375 A.2d 777 (1977).

Instantly, the claim foregone was an objection to the court's jury instructions. In appellant's case in chief, Eileen Hall, the woman about whom appellant and his victim fought, testified as follows:

Q. [Defense Counsel] Did you know other people then that knew [Tran]?

A. [Hall] Yes.

Q. Do you know what his reputation was amongst those other people for being either a violent or peaceful person?

A. He wasn't a violent person at all. He was—He was—

Q. How was he regarded by his friends?

A. He was the one who was willing to do anything, you know. He was the one who was sent to the store, you know, friendly.

Q. Aside from going to the store and possibly accomodating somebody, how was he regarded with regard to violence or peacefulness?

A. I have never seen him—never seen him raise his voice. I have seen other people raise their voice in the same room with him, and he would just—he would never take sides, just stay out of it. He would never get involved in anything like fighting or anything.

At the close of the evidence appellant submitted a written point for charge to the jury concerning reputation testimony. The court accepted the proposed instruction without objection from the Commonwealth. However, when the court charged the jury it omitted not only appellant's proposed instruction but any reference to reputation testimony whatsoever. This omission went unchallenged by appellant's counsel. Appellant now contends that this failure to object to the omission of the charge on reputation testimony constituted ineffective assistance of counsel. It is further contended that the lower court's denial of appellant's post-trial motion raising this ineffectiveness claim is reversible error apparent on the face of the record and, therefore, does

not require a remand for the appointment of different counsel or for an evidentiary hearing.

In reviewing claims of ineffective assistance of counsel we are guided by the time honored case of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), where the Supreme Court stated:

> Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.

*Id.,* 427 Pa. at 604, 235 A.2d at 352. The Supreme Court elaborated the *Maroney* standard in *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). The Supreme Court stated there:

> In *Maroney* we noted that "a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8. Because counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion. See e.g., *Commonwealth v. Nole,* 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Harrison,* 228 Pa.Superior Ct. 42, 323 A.2d 848 (1974); cf. *Commonwealth v. Goosby,* 461 Pa. 229, 336 A.2d 260 (1975); *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974). It is only when the claim which was foregone was of arguable merit that we must make an inquiry into the basis for ... counsel's decision not to pursue the matter. Thus the starting point of our inquiry is whether there were reasonable grounds upon which to advance the ... claims which were not advanced....

*Id.,* 427 at 277–278, 372 A.2d at 695. Initially, we must consider whether there is any arguable merit to appellant's assertions, for it is axiomatic that counsel will not be deemed ineffective for failure to assert a baseless claim.

See *Commonwealth v. Gray,* 473 Pa. 424, 374 A.2d 1285 (1977); *Commonwealth v. Payton,* 253 Pa.Superior Ct. 422, 385 A.2d 410 (1978); *Commonwealth v. Hawkins,* 240 Pa.Superior Ct. 56, 362 A.2d 374 (1976). If we find that the contention is of arguable merit then we must proceed to determine whether the course of action followed by counsel had some reasonable basis designed to effectuate his client's interests. See *Commonwealth ex rel. Washington v. Maroney,* supra.

It would appear well-settled that reputation evidence offered to prove a defendant's good character is substantive, positive, and material to the question of his guilt or innocence. As the Supreme Court stated in *Commonwealth v. Beingo,* 217 Pa. 60, 66 A. 153 (1907):

> All that the prisoner is entitled to, even on trial for murder, is that the jury shall be accurately instructed as to the law applicable to every material phase of the case which the jury may under the evidence be authorized to consider. The substance of the law as to good character is that it is not a mere make-weight, but positive and substantive in itself and entitled as such to go to the jury as a fact in the prisoner's favor. If the jury is so instructed the duty of the judge is correctly performed....

*Id.,* 217 Pa. at 64, 66 A. at 154. See also *Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026 (1978); *Commonwealth v. Stoner,* 265 Pa. 139, 108 A. 624 (1919); *Commonwealth v. Cleary,* 135 Pa. 64, 19 A. 1017 (1890); *Heine v. Commonwealth,* 91 Pa. 145 (1879); *Kilpatrick v. Commonwealth,* 31 Pa. 198 (1858). *Cf. Edgington v. United States,* 164 U.S. 361, 366, 17 S.Ct. 72, 73, 41 L.Ed. 467 (1896); *United States v. Quick,* 128 F.2d 832, 835 (3d Cir.1942.)

■ In agreeing to give the proposed jury instruction concerning the effect of reputation evidence the trial court ruled that Ms. Hall's testimony constituted proper evidence of appellant's reputation for good character. Despite the trial court's later conclusion at the post-verdict motion stage to the contrary, we believe that this was proper reputation testimony, and that the charge should have been read to the

jury. As was said in *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1976): "reputation evidence is established by testimony of the *community* opinion of the individual in question, not through specific acts or mere rumor. See generally, V *Wigmore on Evidence*, §§ 1609, 1611–1612 at 580, 583–584 (Chadbourn Ed. 1974)." *Id.*, 467 Pa. at 180, 354 A.2d at 904. (Emphasis in the original). Ms. Hall's testimony was not in the nature of rumor since she admitted to being well acquainted with appellant. Nor did her testimony relate to specific incidents; it was clearly general testimony. The trial court concluded on post-verdict motions that the testimony concerned Ms. Hall's personal opinion of appellant and not his reputation in the community. A fair reading of the testimony, however, reveals the contrary to be true; that is, Ms. Hall testified about appellant's reputation and not about her personal opinion of him. Admittedly some of her responses to some of these questions are worded in the first person, e.g., "I have never seen him . . . ." Other responses clearly point to evidence of his reputation however: e.g., "He was the one who was sent to the store, you know, friendly." Moreover, all of the questions put to Ms. Hall were phrased in terms of reputation; they did not solicit her personal opinion of appellant, but rather, her knowledge of how he was viewed among his friends and acquaintances. Thus, we conclude that the trial court was correct when it initially ruled to accept the submitted point for charge on reputation evidence.

■ We turn now to the ineffectiveness claim itself. Instantly, the course of action foregone was an objection to the court's omission of a jury charge on reputation testimony. Had the court initially rejected the proposed charge and had appellant properly preserved the issue for appeal we would rule that the court erred in refusing the charge and grant appellant a new trial.* It is thus our opinion that the

* Generally, failure to object to the rejection of a proposed charge after the completion of the court's instruction to the jury waives any error for purposes of appeal. See *Commonwealth v. Brown*, 490 Pa. 560, 417 A.2d 181 (1980); *Commonwealth v. Martinez*, 475 Pa. 331, 380 A.2d 747 (1977) (Plurality).

action foregone was not only of arguable merit but meritorious, and not meritless as the lower court concluded at the post-verdict motion stage.

We believe this to be a clear example of ineffective assistance of counsel. Not only was a charge on reputation evidence appropriate in this case, but counsel submitted such a charge to the court and it was accepted. We can conceive of no reason not to object to the omission of a point for charge where the point has been submitted to the court by defense counsel, where the court has already ruled it appropriate, and indeed where such a point for charge is required, as it was here. Moreover, we need not remand the case for an evidentiary hearing to decide that claim because we find that the ineffectiveness of counsel is apparent on the face of the record. Thus, to our minds, counsel was clearly ineffective and the lower court erred when it denied appellant's motion for new trial. Accordingly, the judgment of sentence must be reversed and the case remanded for a new trial.

Reversed and remanded for new trial.