**Commonwealth v. Gakhal**

C.P. of Delaware County, Nos. CP-23-CR-0003105-2014, 1070 EDA 2015

*Michael J. Malloy*, for appellant.
*John F.X. Reilly*, for Commonwealth.

NILON, *J.*, June 30, 2015—Gurpreet Gakhal, hereinafter "Appellant", argues that he is entitled to relief from his conviction for "Retaliation Against a Witness, Victim"[1] and his resulting sentence. Appellant's contentions are meritless.

Factual History:

First Incident- 9/12/12[2]

On September 12, 2012, at approximately 10:00 p.m., Upper Darby Township Police investigated an incident between Naeem Zarin, hereinafter referred to as "Victim" or "Zarin" and Gurpreet Gakhal, hereinafter referred to as "Appellant," occurring in the 300 block of Richfield Road in Upper Darby Township, Delaware County, Pennsylvania. (N.T. 1/14/2015 p. 7). The Victim alleged that the Appellant was causing a commotion in the street right outside the Victim's house. (N.T. 1/13/2015 pp. 121-23). While looking out of his window at the commotion, the Appellant saw the Victim and called him outside. (N.T.

---

1. 18 Pa.C.S. § 4953.
2. This incident relates to the charges against the Appellant at CP-23-CR-8326-2012 (Case number 1).

1/13/2015 pp. 121-23). The Victim went outside and the Appellant asked the Victim if he knew the Appellant. (N.T. 1/13/2015 pp. 125-27). The Victim responded negatively and the Appellant told him he would teach him who he was. The Appellant then accused the Victim of staring at the Appellant's sister through the window. The Appellant then pointed a gun at the Victim through the car window and told the Victim he was going to shoot him. (N.T. 1/13/2015 pp. 128-29). A gun matching the description the Victim gave the police was later found at the Appellant's home. (N.T. 1/14/2015 p. 14).

Second Incident- 2/9/14[3]

At approximately 8:48 p.m. on the evening of February 9, 2014, Upper Darby Township Police responded to a report of an incident that occurred at a Lukoil Gas Station, located at 6901 Marshall Road, in Upper Darby Township, Delaware County, Pennsylvania. (N.T. 1/14/2015 pp. 26-27). Upon arrival, Officer Steven Russo interviewed Zarin. (N.T. 1/14/2015 p. 27). The Victim told the Officer that about fifteen minutes after he arrived at the Lukoil Gas Station, the Appellant entered and threatened to kill him. The threat was in response to a similar incident in which Zarin, the Victim, called the police after the Appellant was pointing his gun at the Victim and threatening him. (N.T. 1/13/2015 p. 29).

The Victim recounted that on February 9, 2014, on his way home from work, he stopped at the Lukoil Gas Station. While the Victim was conversing with the shopkeeper in the gas station, the Appellant walked into the station.

3. This incident relates to the charges brought against the Appellant at CP-23-CR-3105-2014 (Case number 2). This is the case currently on appeal.

(N.T. 1/13/2015 pp. 137-40). After shaking hands with the shopkeeper, the Appellant shook the Victim's hand, squeezing the Victim's hand very tightly, for a period of about ten seconds. (N.T. 1/13/2015 pp. 140-41). The Appellant then claimed he wanted to "clear" things up with the Victim regarding the prior incident between the two, which resulted in criminal charges being filed against the Appellant. (N.T. 1/13/2015 p. 141).

The Victim testified that the Appellant then stated: "... you're the person I've been suffering from your sight, to put me behind the jail. You put behind me — I saw police station and cops for reason of you. So I came here." (N.T. 1/13/2015 pp. 141-142). Appellant said, "I'm the person who knows very well know how to kill and how to die." (N.T. 1/13/2015 p. 142). Appellant continued: "[b]ecause he was keep saying to me, I'm — he had to clear with you. I'm here because I know I'm going to shoot you." (N.T. 1/13/15 p. 145). Victim then attempted to leave the gas station, when the Appellant began walking behind him. (N.T. 1/13/2015 p. 146). The Appellant continued to threaten the Victim, he stated, "I have my buddies also. They're waiting for you across the street. And we are watching you. I'm just -I'm waiting for my thing..." (N.T. 1/13/2015 p. 146). Appellant's friend then got out of the car and came over to the Victim, the Appellant stated "I'm just waiting for the moment as soon as I'm clear from the department, I will teach you a good lesson you will remember forever." (N.T. 1/13/15 p 148).

The Victim also testified "Because he was keep saying to me, I'm — he had to clear with you. I'm here because I know I'm going to shoot you."(N.T. 1/13/15 p. 145). The Victim understood the warning as a legitimate threat upon his life, believing that when the Appellant got his confiscated gun

back from the police, from the original incident, Appellant would shoot the Victim with it. (N.T. 1/13/2015 pp. 147-149). The Victim went to his car, drove a block away, and contacted the authorities. (N.T. 1/13/2015 p. 152).

### Procedural History:

The Appellant, Gupreet Gakhal, was arrested for the first offense on September 12, 2012 and charged with: Simple Assault[4], Harassment[5], Terroristic Threats[6], and Possession of an Instrument of Crime[7]. On June 24, 2013, the Appellant was placed on A.R.D. for these offenses. Appellant was then arrested for the second offense on February 9, 2014, by Upper Darby Township Police Department. The Appellant was charged with: Terroristic Threats[8], Simple Assault[9], Harassment[10], and Retaliation Against a Witness or Victim[11]. On March 26, 2014, after the second set of charges was filed, the Appellant was removed from the A.R.D. program.

On June 18, 2014, Michael J. Malloy, Esquire, entered his appearance on behalf of the Appellant. On June 25, 2014, a preliminary hearing was conducted by Magisterial District Justice Karapalides in Upper Darby District Court. On January 13, 2015, a jury trial commenced. On January 16, 2015, the jury found the Appellant not guilty of: Simple Assault, Terroristic Threats, and Possessing an Instrument of Crime under the first set of charges, transcript number 8326-2012. The jury also found the Appellant not guilty

---

4. 18 Pa.C.S. § 2701.
5. 18 Pa.C.S. § 2709.
6. 18 Pa. C.S. § 2706.
7. 18 Pa.C.S. § 907(b).
8. 18 Pa.C.S. § 2706(a)(1).
9. 18 Pa.C.S. § 2701(a)(3).
10. 18 Pa.C.S. § 2709(a)(4).
11. 18 Pa.C.S. § 4953(a).

of the charges of: Terroristic Threats and Simple Assault, but guilty of Retaliation against a Witness, Victim, or Party under the second set of charges, transcript number 3105-2014.

On April 13, 2015, Appellant was sentenced by the undersigned on the charge of Retaliation Against a Victim/Witness to: 111/2 months to 23 months imprisonment, to be followed by three years consecutive probation, plus fines and costs. On April 16, 2015, Michael J. Malloy, Esquire, on behalf of the Appellant, filed a timely "Notice of Appeal" to the Superior Court of Pennsylvania from the Judgment of Sentence entered in this matter.

Consequently, on April 20, 2015, the court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On May 6, 2015, Appellant filed a "Statement of Matters Complained of on Appeal," raising the following issues for appellate review:

1) The Trial Court erred over Defendant's objection in altering and amending the instruction to the jury as it relates to the charge of Retaliation of a Victim — Witness. Specifically, the trial court determined on its own that the full charge should be altered, therefore, chose to make a decision for the jury as to the facts of the case and the applicable law, rather than reading the jury the entire charge to the jury of intimidation/retaliation of a witness.

2) That in altering/amending the instruction to the jury as to the charge of retaliation of a witness, the court impermissibly usurped the jury's fact-finding role by

telling them that they had already decided facts that would make reading/answering their questions and defining the instruction already given as moot. Clearly the jury's questions did not evidence the Court's direction to the jury to ignore the facts instructions previously given but rather clearly implied that they had not determined certain facts and issues seeking clarification of this charge and make the appropriate factual and legal decisions.

3) That the finding of the jury of not guilty of the charge of Terroristic Threats, not guilty of Simple Assault and guilty of Retaliation against Victim/ Witness is evidence of the fact that the court's altering and amending the charge to the jury as to Retaliation of a Witness not answering the jury's question and further infusing its own opinion as to the status of Mr. Zarin's as a victim or a witness was improper, unlawful and prejudicial to the defendant causing the defendant to be wrongfully convicted of the sole charge of Retaliation of a Witness.

4) That the verdict rendered in the case of not guilty of the charge of Terroristic Threats, not guilty of Simple Assault, and guilty of Retaliation against Victim/ Witness was an inconsistent verdict rendered so by the improper and altered charge by the court.

5) That there were insufficient facts and evidence to sustain the verdict of Retaliation Against a Witness. Specifically that the jury specifically found that the defendant did not assault Mr. Zarin, did not threaten Mr. Zarin and therefore was not a witness or a victim.

## DISCUSSION:

## I. THE TRIAL COURT DID NOT ERR IN CLARIFYING THE VERDICT SLIP AS TO THE CHARGE OF "RETALIATION AGAINST A VICTIM — WITNESS" AS THE VICTIM IN THIS MATTER FALLS UNDER THE "VICTIM OR WITNESS" CATEGORY, NOT THE CATEGORY "ANY OTHER PERSON."[12]

At the close of trial, the undersigned gave the jury the standard jury instruction for the charge of "Retaliation Against a Witness or Victim."[13] The instruction provided:

...[t]o find the Defendant guilty of this crime, Retaliation against a Witness or Victim, you must find that each of the following two elements have been proven beyond a reasonable doubt: first, that the Defendant either harmed Mr. Zarin by an unlawful act or he engaged in a course of conduct that threatened or he repeatedly committed acts that threatened Mr. Zarin; second, that the Defendant did so in retaliation for his giving information to the police which was something lawfully done by Mr. Zarin in his capacity as a witness or victim. A witness is any person having knowledge of the existence or nonexistence of facts or information

12. Initially, it should be noted that the Appellant in his "Statement of Matters Complained of on Appeal" in numbers 1-4 mistakenly averred that the trial court erred in "altering and amending the instruction to the jury as to Retaliation of a Victim-Witness." It may be a matter of nomenclature, but the court did not alter or amend the jury instruction but rather "altered" the verdict slip. In fact, the court read the standard jury instruction and did not alter or amend the instruction. However, the court did amend the verdict slip. The verdict slip was tapered so that the language in the interrogatory fit the facts of the case. A phrase that did not apply to the facts in the case was removed from the verdict slip.

13. 15.4953 (Crim) Retaliation Against Witness or Victim, Pa. SSJI (Crim), §15.4953 (2005).

relating to a crime. A witness includes a person who can — who gives information to the police. It can also include a victim. Third...[i]f you find that the first two elements have been proven beyond a reasonable doubt, you should find the Defendant guilty. If you find the Defendant guilty, you must then go on to consider whether the Commonwealth has proven one more of the following facts beyond a reasonable doubt...that the Defendant's retaliation was accomplished by employing force, violence, or deception or by threatening to employ force or violence upon Mr. Zarin.

(N.T. 1/15/2015 pp. 216-218).

It should be noted that the Appellant never objected to the court's charge at the time it was read to the jury. As such, the Appellant's argument is waived. Generally, failure to object to a proposed charge after completion of court's instruction to jury waives any error for purposes of appeal. *Com. v. Hoang Khai Tran*, 453 A.2d 993 (Pa. Super. 1982).

The verdict slip in case number 3105-2014 as to the charge of "Retaliation Against a Witness or Victim" contained a general question, and then asked the jury an interrogatory related to the grading of the offense. (*See* 18 P.S.§ 4953 (a) and (b)(1)(i)). The interrogatory was needed as the statute provides:

> (b) Grading. — The offense is a felony of the third degree if the retaliation is accomplished by any of the means specified in section 4952(b)(1) through (5) (relating to intimidation of witnesses or victims). Otherwise the offense is a misdemeanor of the second degree.

18 P.S. § 4953 (b).

The applicable section from 4952(b)(1)(i) provides:

The offense is a felony ...if:

(i) The actor employs force, violence or deception or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person. 18 P.S. § 4952 (b)(1)(i).

The verdict slip originally asked:

Count 1. Retaliation Against Witness, Victim or Party

On February 9, 2014, did the Defendant, Gurpreet Gakhal, harm another by any lawful act or engage in the course of conduct or repeatedly commit acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim or party in a civil matter? Guilty or Not Guilty

If you find the Defendant "Not Guilty" of the above, proceed to Count 2; if you find the Defendant "Guilty" of the above, please answer the following:

Did the Defendant, Gurpreet Gakhal employ force, violence or deception or threaten to employ violence, upon the witness or victim *or, with the requisite intent or knowledge upon any other person?*

Guilty or Not Guilty

Verdict Slip at Count 1 for case number CP-23 CR-3105-2014. (emphasis added).

While the jury was deliberating, they submitted a written question for the undersigned: "Can we please have part 2 of Count 1 from February 9th, 2014, clarified for us, specifically 'requisite intent or knowledge.'

Thank you." (N.T. 1/15/15 p.241). The jury was referring to the language on the verdict slip which was mistakenly included, as it was not mentioned during jury instructions. The verdict slip should not have included the language "*or with the requisite intent of knowledge upon any other person?*" because that phrase did not pertain to the facts of this case. (*See* discussion N.T. 1/15/15 pp. 244-246). The undersigned then removed the inapplicable language from the verdict slip, with objection from the Appellant's counsel duly noted. (N.T. 1/15/2015 pp. 237-48). As the court opined outside of the presence of the Jury:

> ... the subsection (b) indicates with the requisite fact against the victim or witness or with knowledge, intent against any other person, for example, a lawyer involved in the case in the administration of justice or a process server or police officer who made the arrest or anybody that may have been involved with the case who doesn't fall under the category of victim or witness. That would require the jury to find under that section, which is not the section we're dealing with here, but under that section that the person had the requisite intent or knowledge and that — the knowledge would have to be that this other person, say the lawyer, was involved in the prosecution of the case, and secondly, that they intended to intimidate that person in an attempt to obstruct the administration of criminal justice... Okay. We don't have that in this case. The allegation is he retaliated against Mr. Zarin, the alleged victim/witness. There's no other party involved, and therefore, I propose to bring the jury back in, tell them that the Court made a mistake. That language should not have been included in the interrogatory. I'm going to get

the interrogatory in advance, white out that language because I don't think it applies.

(N.T. 1/15/2015 pp. 245-46).

The Appellant was later found guilty of the charge of "Retaliation Against a Witness or Victim" and the Appellant attributes the Jury's finding to the fact that the court deleted a small section of the interrogatory on the verdict slip relating to the grading of the offense, which did not apply to the case at hand, and was confusing the jury as evidenced by their question.

The Appellant contends that the Trial Court erred in altering and amending the verdict slip as to the charge of "Retaliation Against a Witness or Victim" by removing pertinent language from the verdict slip. The Appellant's "Statement of Matters Complained of on Appeal" references "altering and amending the instruction to the jury as it relates to the charge of Retaliation of a Victim — Witness"; however, the Appellant is referring to altering the verdict slip not the actual charge to the jury, which was in fact the standard jury charge for the crime alleged. (*See* entire standard charge which was given at trial, which is reprinted above).

The Appellant contends that the following language should have been included on the verdict slip: "that the defendant's retaliation was accomplished by employing force, violence, or deception, or by threatening to employ force or violence, upon the witness/victim *or, with the requisite intent or knowledge upon any other person.*" (emphasis added).

A trial court should not instruct the jury on legal principles which have no application to the facts presented

at trial. "In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision." *Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa.Super.2006) (citation and brackets omitted). "[I]t has long been the rule in this Commonwealth that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial." *Commonwealth v. McCloskey*, 656 A.2d 1369, 1374 (Pa. Super. 1995). The reason for this rule is apparent; the jury's duty is to render a true and correct verdict, and instructing the jury on legal principles that cannot rationally be applied to the facts presented at trial may confuse them and place obstacles in the path of a just verdict. *Commonwealth v. White*, 490 Pa. 179, 182, 415 A.2d 399, 400 (1980).

The charge given to the jury as well as the verdict slip provided to the jury, reflect the court's view that Victim should be defined as a "victim or witness" under this statute and not as "any other person". To include the language: *"with the requisite intent or knowledge upon any other person,"* would only serve to confuse the jury as it does not apply to the applicable facts presented.

Under this statute a "Victim" is defined as "Any person against whom any crime as defined under the laws of this State or of any other state or of the United States is being or has been perpetrated or attempted." 18 Pa.C.S.§ 4951.

A "Witness" is defined as "any person having knowledge of the existence or nonexistence of facts or information relating to any crime, including but not limited to those who have reported facts or information to any law enforcement officer, prosecuting official, attorney representing a criminal defendant or judge, those

who have been served with a subpoena issued under the authority of this State or any other state or of the United States, and those who have given written or oral testimony in any criminal matter; or who would be believed by any reasonable person to be an individual described in this definition." 18 Pa.C.S.§ 4951.

Here, Mr. Zarin falls into both categories as he was both a Victim and a Witness. He was a Victim because there were crimes defined by the Commonwealth of Pennsylvania perpetrated against him by the Appellant. He was also a Witness because he reported facts to law enforcement officers and prosecuting officials, and he has testified in a criminal matter against the Appellant.

The provision that the Appellant had hoped to add to the verdict slip, which the court omitted applies only to "any other person," which in this matter means any other person other than the witness or victim who is involved in the trial. For instance, this could mean retaliating against a police officer, a juror, a defense attorney, or a prosecutor. Clearly, the Victim does not fall into that category as he was directly involved in the proceedings as both a Victim and a Witness. The inclusion of the language "*or, with the requisite intent or knowledge upon any other person,*" has no application to the facts of this case and would only serve to confuse the jury.

## II. THE TRIAL COURT DID NOT USURP THE JURY'S FACT-FINDING ROLE BY TAILORING THE VERDICT SLIP TO THE APPLICABLE FACTS

Appellant's second issue raised on appeal alleges that the court erred by amending the jury instruction/ verdict slip, improperly usurping the jury's fact-finding role by deciding facts on its own, and telling the jury to ignore

the court's pervious instructions. The court did not err in omitting the language pertaining to "any other person" from the jury instruction or verdict slip. (*See* discussion *supra* I). Appellant argues that the question asked by the jury requesting clarification of the language pertaining to "any other person" was evidence that they had not decided yet on the "appropriate factual and legal decisions."

The jury's question pertained to language that was mistakenly included on the verdict slip, but which had not been charged upon by the court. The language at issue should not have been included in the jury charge because it was not relevant. The language the jury asked about was not supposed to be included on the verdict slip because it did not apply to the facts of the case. The jury had questions about that particular language because it was the first time they were hearing about it, as it had not been included or explained to them during charging.

A trial court is afforded broad discretion in phrasing jury instructions, and may choose its own wording as long as the law is clearly and accurately presented to the jury. When conducting a review of jury instructions, it is important we read the charge as a whole to ascertain whether it was fair or prejudicial. *See Commonwealth v. Prosdocimo*, 525 Pa. 147, 578 A.2d 1273, 1274 (1990). The trial court is afforded broad discretion in phrasing jury instructions, and may choose its own wording as the long the law is clearly and accurately presented to the jury. *Id.*

### III. THE JURY CHARGE WAS NOT PREJUDICIAL TO THE APPELLANT AND DID NOT CAUSE THE APPELLANT TO BE WRONGFULLY CONVICTED OF RETALIATING AGAINST A WITNESS

The Appellant contends that "the court's altering and

amending the charge to the jury as to Retaliation of a Witness" prejudiced the Appellant's defense and caused him to be wrongfully convicted of that charge. The court gave the standard jury charge for the crime of "Retaliation Against a Witness or Victim." Specifically, Appellant contends the court's decision to only give the jury instruction that pertained to Witnesses and Victims was prejudicial, and the language pertaining to "any other person" should have been included. Again, as explained *supra* in Section I., the language pertaining to "any other person," was not relevant to the facts of the case and a trial court is permitted to omit language from a standard jury instruction and tailor the instruction to the applicable facts. Omitting that language did not prejudice the Appellant's defense.

As to the change in the verdict slip after the jury's question, the verdict slip initially provided:

Did the Defendant, Gurpreet Gakhal employ force, violence or deception or threaten to employ violence, upon the witness or victim *or, with the requisite intent or knowledge upon any other person?*

Guilty or Not Guilty

The court subsequently omitted the phrase "*or with the requisite intent or knowledge upon any other person?*" from the verdict slip because Mr. Zarin met the definition of "witness" and "victim" and there was no evidence in the case as to the phrase "*or with the requisite intent or knowledge upon any other person?*" Zarin met the legal definition of both a 'Victim' and a 'Witness' in this matter as he participated in a police investigation claiming a crime had been committed against him (Victim) and participated in criminal proceedings against the Appellant

(Witness). There was no evidence in the case as to "*or with the requisite intent or knowledge upon any other person?*"

## IV. INCONSISTANT VERDICTS ARE NOT GROUNDS FOR REVERSAL OF A GUILTY VERDICT

The Appellant claims that the guilty verdict rendered in the Retaliation Against a Witness charge is inconsistent with the other not guilty verdicts in Simple Assault and Terroristic Threats due to the alleged improper jury instruction. As explained *supra* in Section I., the court gave the standard jury instruction in its entirety. The Appellant never objected to the court's jury instruction and therefore any argument as to the jury charge is waived. Generally, failure to object to a proposed charge after completion of court's instruction to the jury waives any error for purposes of appeal. *Com. v. Hoang Khai Tran*, 453 A.2d 993 (Pa. Super. 1982).

Moreover, the Appellant's argument that the verdict is inconsistent because the jury found the Appellant guilty of Retaliation Against a Witness, but not guilty of Terroristic Threats and Simple Assault holds no merit. Even though those charges included many of the same elements, and the lack of consistency in the verdicts may be logically unsound, it is well established that a reviewing court cannot reject a jury's inconsistent verdict. It is well settled that an inconsistent verdict is not grounds for reversal or for a new trial in Pennsylvania. *Commonwealth v. Carter*, 282 A.2d 375 (Pa. 1971). "It has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary." *Id.* 282 A.2d at 376 (citations omitted).

The general issue and legality of inconsistent verdicts are allowed to stand so long as the evidence is sufficient to support the conviction. *See Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932) (holding that "[c]onsistency in the verdict is not necessary" and refusing to allow inconsistent verdicts to be upset by "speculation or inquiry" into the possibility of compromise or mistake on the part of the jury); *United States v. Powell*, 469 U.S. 57, 58, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (applying *Dunn*'s rule, which the Court explained as follows: "a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count"). In affirming a verdict of aggravated assault and battery, despite the jury's acquittal of the accused on a separate count of assault and battery, the court held that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Carter*, 282 A.2d 375, 376 (Pa. 1971) (citation omitted). Rather, an acquittal of a charge for which there was sufficient evidence for conviction is an occasion of a "jury's assumption of a power which [it] had no right to exercise, but to which [it was] disposed through lenity." *Id.* (citation omitted); *Commonwealth v. Miller*, 35 A.3d 1206, 1208-09 (Pa. 2012).

Although the jury found the Appellant not guilty of Terroristic Threats and Simple Assault, this does not mean they have to find him not guilty of Retaliation Against a Witness or Victim. The acquittals do not have to be interpreted as specific findings of fact in relation to the evidence. Though an inconsistent verdict under Pennsylvania law may stand; here, the court opines that the verdict was not inconsistent.

## V. THERE WAS A SUFFICIENT FACTUAL BASIS FOR A GUILTY VERDICT IN THE CHARGE OF RETALIATION AGAINST A WITNESS, EVEN THOUGH THE JURY SPECIFICALLY FOUND THE APPELLANT NOT GUILTY OF TERRORISTIC THREATS AND SIMPLE ASSAULT

Lastly, the Appellant contends at number 5, "[s]pecifically that the jury specifically [sic] found that the defendant did not assault Mr. Zarin, did not threaten Mr. Zarin and therefore was not a witness or a victim." The Appellant is mistaken. Although he was found not guilty of assault and terroristic threats, this is not a finding of innocence. The jury found him not guilty of those crimes but it is not a finding of innocence. The jury's finding of not guilty means that the jury found that the Commonwealth failed to meet its burden of proof as to the elements of the crimes of assault and terroristic threats, nothing more. The jury's finding does not mean that they believed nothing happened. On the contrary, they may have believed something happened but all of the elements of the crime were not proven by the Commonwealth.

A jury's acquittal on certain criminal charges does not prove the Appellant's innocence; it only proves the existence of reasonable doubt as to his guilt. *Commonwealth v. Stokes*, 38 A.3d 846, 861 (Pa. Super. 2011); citing *United States v. Watts*, 519 U.S. 148, 155 (1997). It is impossible to know exactly why a jury acquits a defendant on a certain charge, but finds him guilty on another charge. "[A]n acquittal is not a finding of any fact. An acquittal can only be an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt. Without specific jury findings, no one can logically or realistically draw any

factual finding inferences...." *U.S. v. Watts*, 519 U.S. 148, 155 (1997); citing *U.S. v. Putra*, 78 F.3d 1386, 1394 (9th Cir. 1996) *cert. granted, judgment rev'd sub nom. U.S. v. Watts*, 519 U.S. 148 (1997). Thus, a jury cannot be found to have "necessarily rejected" any facts when it returns a verdict of 'not guilty' and acquits the defendant, only that the burden of proof of beyond a reasonable doubt has not been met by the prosecution. A 'not guilty' verdict is not a finding of innocence.

In this matter, the jury only found that the Commonwealth did not meet its burden of proof on the charges of Simple Assault and Terroristic Threats. The jury did not make any findings of fact as to whether or not a crime actually occurred, only that the Commonwealth did not present the necessary evidence to prove beyond a reasonable doubt that a crime occurred. The Appellant mistakenly avers that "the jury specifically found that the defendant did not assault Mr. Zarin, did not threaten Mr. Zarin." This is patently untrue. The jury's acquittal on these two charges does not prove his innocence, as the Appellant supposes it does. A jury could acquit the Appellant on the specific charges of Simple Assault and Terroristic Threats, but still find him guilty of Retaliation Against a Witness-Victim.

a) The evidence was sufficient to prove the elements of Retaliation Against a Witness beyond a reasonable doubt.

Upon review, the appellate court must determine whether the evidence believed by the fact-finder was sufficient to support the verdict of guilty of Retaliation Against a Witness-Victim. The standard of review as to the sufficiency of the evidence of the evidence is well established. "[T]he critical inquiry on review of the

sufficiency of the evidence to support a criminal conviction ... does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). The Superior Court of Pennsylvania articulated the standard of review for sufficiency of the evidence claims:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Baker*, 72 A.3d 652, 657-58 (Pa. Super. 2013) *appeal denied*, 86 A.3d 231 (Pa.2014) (quoting

*Commonwealth v. Knox*, 50 A.3d 749, 754 (Pa. Super. 2012), *appeal granted on other grounds*, 68 A.3d 323 (Pa. 2013)).

In this matter, the Commonwealth was able to present sufficient evidence, more than what was necessary to suffice the burden enumerated above. Therefore, the judgment of sentence should be upheld.

The charge of Retaliation Against a Witness-Victim, 18 Pa.C.S. § 4953(a), provides as follows:

(a) Offense defined. — [a] person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim, or a party in a civil matter.

First, we examine the elements of the statute. To establish this offense, the Commonwealth had to prove that Appellant, with the requisite intent, either: (1) harmed another by any unlawful act in retaliation for anything lawfully done in the capacity as a witness or victim; or (2) either: *(a) engaged in a course of conduct which threatened another in retaliation for anything lawfully done in the capacity of a witness or victim;* or *(b) repeatedly committed acts which threaten another in retaliation for anything lawfully done in the capacity of a witness or victim. Commonwealth v. Ostrosky,* 866 A.2d 423, 427-28 (Pa. Super. 2005) *aff'd,* 909 A.2d 1224 (Pa. 2006).

A plain reading of the statute dictates a breakdown of the elements as indicated above and the legislature's use of the disjunctive "or" reveals that there are three different ways one can violate this statute. *Id.* At issue here is Part

(2)(a) of the statute, as Part (1) deals with a physical harm and Part (2)(b) pertains to repeated threats. At issue is only a single instance in which the Appellant engaged in a course of conduct in which he threatened the Victim in retaliation.

The Victim testified that the Appellant verbally threatened his life, specifically stating it was in response to the Victim's prior involvement in criminal charges being brought against the Appellant. Victim testified that the Appellant stated: "I'm just waiting for the moment as soon as I'm clear from the department, I will teach you a good lesson you will remember forever." (N.T. 1/13/15 p 148). "Because he was keep saying to me, I'm — he had to clear with you. I'm here because I know I'm going to shoot you." (N.T. 1/13/15 p. 145). Victim also testified that Appellant stated, "I'm waiting for my thing to get back from the police...I will shoot you, and you are lucky you are still surviving today." (N.T. 1/13/14 pp.147-148). This testimony is credible evidence that the Appellant threatened the Victim in retaliation for lawfully participating in a police investigation and criminal proceedings against the Appellant.

## CONCLUSION:

Appellant's specious argument is premised on a false assertion that an acquittal to certain criminal charges proves his innocence. In fact, the acquittal only proves the existence of reasonable doubt as to his guilt to those charges. No one can draw any factual inferences from the jury's acquittal. *Commonwealth v. Stokes*, 38 A.3d 846, 861 (Pa. Super. 2011). An acquittal is not a finding of innocence.

For the foregoing reasons, this Court's Judgment of Sentence should be affirmed on appeal.